NOT FOR PUBLICATION


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL MORENO, an individual; et al.,

Plaintiffs-Appellees,

v.

ROSS ISLAND SAND & GRAVEL, COMPANY,

Defendant-Appellant.

No. 16-16324

D.C. No.
2:13-cv-00691-KJM-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted November 17, 2017[**]
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and GLEASON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Defendant Ross Island Sand & Gravel Co. appeals the district court's Rule 60(a) order clarifying a judgment. Fed. R. Civ. P. 60(a). We affirm.

It was appropriate for the district court to issue the order under Rule 60(a). As the Judgment was not appealed, the only issue before us is whether the clarifying order was consistent or inconsistent with the intent behind the original judgment. The district court's clarification was consistent with the contemporaneous intent of its original judgment. The district court had previously expressed its intent to apply principles of federal maritime law, including joint and several liability. *See McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220 (1994) (explaining that joint and several liability is a "well-established principle" in admiralty actions). Therefore, the order was not an abuse of discretion. *Garamendi v. Henin*, 683 F.3d 1069, 1077-81 (9th Cir. 2012) (explaining that Rule 60(a) allows for "clarifications" that do "not change the operative, substantive terms of the original judgment").

**AFFIRMED.**